UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re: Kevin Adell,

        Debtor.
_____

JOHN RICHARDS HOMES BUILDING COMPANY, L.L.C,

        Appellant,

vs.                        Case No. 2:06-cv-276-FtM-29SPC
                           Bankruptcy No. 9:03-bk-23684-ALP

KEVIN ADELL,

        Appellee.
_____

## OPINION AND ORDER

This matter comes before the Court on appellant's Motion to Remand Contested Matter to Bankruptcy Court (Doc. #16), filed on October 2, 2006. Appellee filed a Memorandum of Law in Response (Doc. #17) and appellant filed a Notice of Filing Legal Authority in Further Support (Doc. #18).

On April 7, 2006, the Bankruptcy Court entered an Order Denying Amended Motion to Impose Sanctions stating:

> . . . the Court is satisfied that the case of the Debtor has been dismissed and this Court's Order of Dismissal did not retain jurisdiction in order to issue any further orders relating to the above-captioned case. Inasmuch as this case has been dismissed and there is nothing before this Court which could form the basis of a Section 105Order [sic], it is not necessary or appropriate for this Court to enter an order to carry out any provision of the title.

(Doc. #1-3, p.2.)  On April 21, 2006, the Bankruptcy Court denied reconsideration as without merit, and on April 30, 2006, John Richards Homes Building Co., LLC (appellant) filed a Notice of Appeal.  Appellant seeks to have the matter remanded to the Bankruptcy Court, arguing that jurisdiction did exist post-dismissal as the Bankruptcy Court may now recognize.  Appellee agrees that jurisdiction was present, but contends that sanctions were denied at the Bankruptcy Court's discretion, and unless sanctions cannot be summarily denied, the matter should be addressed by the Bankruptcy Court in the first instance.

Based on appellee's response, appellee does not contest the Bankruptcy Court's jurisdiction to impose sanctions, but argues that the Bankruptcy Court denied sanctions on the merits.  The Court will remand the matter to the Bankruptcy Court to re-address the motion on the merits or to indicate that its prior order was based on the merits as well as a lack of jurisdiction.  The appeal otherwise presents no case or controversy and will be dismissed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Appellant's Motion to Remand Contested Matter to Bankruptcy Court (Doc. #16) is **GRANTED** and the appeal is **remanded** to the Bankruptcy Court to revisit the motion for sanctions on the merits, or to indicate that its prior order was based on the merits

as well as a lack of jurisdiction.  The appeal is otherwise **DISMISSED**.

2.  The Clerk shall transmit a copy of this Opinion and Order to the Clerk of the Bankruptcy Court and close the appeal file.

**DONE AND ORDERED** at Fort Myers, Florida, this   27th   day of December, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Alexander L. Paskay
Clerk, Bankr. Ct.
Counsel of record